# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTHONY M. LEE and
BENJAMIN J. BIESE,

      Plaintiff,

      v.                                 Case No. 15-cv-1132

BRIAN FOSTER, et al.,

      Defendants.

## SCREENING ORDER

Plaintiffs, who are proceeding pro se, filed a joint complaint pursuant to 42 U.S.C. §1983, alleging that defendants violated their constitutional right to access the courts. This matter is before me on their motions for leave to proceed in forma pauperis, for screening of their complaint, and on their motions for the appointment of counsel. The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without pre-paying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. On September 25, 2015, I assessed an initial partial filing fee for Biese of $1.27. He paid that fee on November 12, 2015. I assessed an initial partial filing fee of $4.15 for Lee on October 16, 2015, which he paid on December 14, 2015. Accordingly, I grant plaintiffs' motions to proceed in forma pauperis.

Pursuant to 28 U.S.C. § 1915(e)(2), federal courts are authorized to dismiss a complaint that is filed in forma pauperis if a plaintiff raises claims that are legally "frivolous

or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). A court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing

2

Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. The court is obliged to give a plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiffs allege that plaintiff Lee, who cannot read or write, has been deprived access to the courts. According to the brief complaint, Lee wrote defendants asking for assistance on his legal matters, but defendants denied his request. They also denied Lee's request to meet with Biese because Green Bay Correctional Institution no longer allows joint legal meetings and law clerks cannot assist inmates.

To state an access to the courts claim, a plaintiff must allege that the deprivations he suffered caused him an actual injury. Ortiz v. Downey, 561 F.3d 664, 671 (7th Cir. 2009). In other words, "a prisoner's complaint must 'spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions.'" Id. (quoting Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006).

3

Lee alleges only that he did not receive the assistance that he, as a person who is unable to read or write, needed in order to access the courts. He does not indicate what claim this lack of assistance prevented him from making, nor does he indicate what assistance he requested. Without these allegations, I cannot determine whether plaintiff Lee has stated a claim. I will allow Lee an opportunity to amend his complaint to include this information.

With regard to Biese, I find that he fails to state a claim, and he will be dismissed from this action. According to the complaint, only Lee sought and was denied assistance on his legal matters. Biese, who apparently tried to assist Lee, does not allege that he was prevented from accessing the courts, nor does he allege that he needed or sought any assistance to access the courts. The mere fact that Biese's efforts to assist Lee with his legal issues were frustrated, is insufficient for Biese to state a claim.

Finally, both plaintiffs have requested that I recruit counsel to represent them. Biese has indicated that he contacted three attorneys, none of whom agreed to handle their case. Lee emphasizes that he cannot read or write and that he has had to enlist the assistance of other inmates to help him file the complaint and his motion for counsel.

I have discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). Once a plaintiff demonstrates he has made a reasonable attempt to secure counsel on his own, I examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a

layperson to coherently present it." Navejar, 781 F.3d at 696 (citing Pruitt, 503 F.3d at 655). This inquiry focuses not only on a plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." Id.

I find that Biese has satisfied the first step in the process described above on behalf of both plaintiffs. However, given that he is being dismissed from this action based on his failure to state a claim, there is no need to recruit counsel to represent him. The same cannot be said for Lee. I have decided that Lee may file an amended complaint to cure the deficiencies in the original complaint; however, according to Lee, this is an impossible task for him to complete on his own because he is unable to read and write. As such, I will recruit counsel to represent Lee for the limited purpose of filing an amended complaint. If, after Lee files his amended complaint, I decide that he may proceed with his lawsuit, I may reassess the scope of the recruitment.

**IT IS THEREFORE ORDERED** that plaintiffs' motions for leave to proceed in forma pauperis (Docket #2, 3) are **GRANTED**.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from Lee's prison trust account the balance of the filing fee ($345.85) by collecting monthly payments from Lee's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from Biese's prison trust account the balance of the filing fee ($348.73) by collecting monthly payments from Biese's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmates are confined.

**IT IS ALSO ORDERED** that plaintiff Biese is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for his failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that plaintiff Biese has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS ALSO ORDERED** that plaintiff Biese's motion to appoint counsel (Docket #8) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff Lee's motion to appoint counsel (Docket #19) is **GRANTED** in part. The court will recruit counsel to represent Lee for the limited purpose of filing an amended complaint.

Dated at Milwaukee, Wisconsin, this 19th day of December, 2015.

                                          s/ Lynn Adelman
                                          _____
                                          LYNN ADELMAN
                                          District Judge

7

Case 2:15-cv-01132-LA   Filed 12/19/15   Page 7 of 7   Document 20